956 F.2d 1172
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James L. WORTHINGTON, Petitioner,
v.
DEPARTMENT OF AGRICULTURE, Respondent.
 No. 91-3528.
 United States Court of Appeals, Federal Circuit.
 Feb. 10, 1992.
 
 Before MAYER, MICHEL and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 James L. Worthington appeals the portion of the July 16, 1991, final decision of the Merit Systems Protection Board (Board), Docket No. SF531D9110544* that affirms the U.S. Forest Service's decision to deny him a within-grade pay increase. We affirm.
 
 
 2
 Mr. Worthington was employed by the Forest Service as an engineering technician for approximately 15 years. His within-grade increase was due in September 1988, but the decision to award it was delayed. On January 18, 1989, the Forest Service denied Mr. Worthington a within-grade pay increase because he failed to demonstrate fully successful performance in all critical elements of his civil engineering technician position.
 
 
 3
 This court must uphold a Board decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without adherence to procedural laws, rules, or regulations; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987); Hayes v. Dep't of Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 4
 An employee is entitled to advance to the next higher step of his pay grade if he performs his assigned position duties at an acceptable level of competence. 5 C.F.R. § 531.404(a) (1991). The Board determined that the Forest Service proved "by substantial evidence that [Mr. Worthington's] performance was unacceptable in calendar year 1988," and therefore affirmed its denial of Mr. Worthington's within-grade increase. Initial Decision at 7. On appeal, Mr. Worthington contends that his performance was indeed acceptable.
 
 
 5
 The Board heard testimony on this issue from Mr. Worthington and from two of his supervisors. Supervisor Clifford Johnson testified that Mr. Worthington never performed his duties in a fully satisfactory manner. Initial Decision at 5. Supervisor Sonja Bergdahl testified that Mr. Worthington never met deadlines and submitted incomplete work products. She also attested that he acknowledged his performance was unacceptable and that he blamed it on the fact that he was separated from his family. Based on Ms. Bergdahl's testimony, the Board found that Mr. Worthington was counseled several times regarding his unacceptable performance, that he was placed on a performance review plan which included six meetings with his supervisor over a 90-day period, and that he failed to improve his performance during this period. Initial Decision at 5-6. Mr. Worthington argued to the Board that his performance was satisfactory.
 
 
 6
 The Board found the testimony of Mr. Worthington's supervisors credible and Mr. Worthington's testimony "unworthy of belief." Initial Decision at 7-8. The determination of the credibility of a witness is within the discretion of the administrative judge. Hagmeyer v. Dep't of Treasury, 757 F.2d 1281, 1284 (Fed.Cir.1985). Moreover, credibility determinations are virtually unreviewable. Hambsch v. Dep't of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Upon reviewing the record before us, Mr. Worthington has not persuaded us that the Board's decision relying on the testimony of Mr. Johnson and Ms. Bergdahl is not based on substantial evidence.
 
 
 7
 Mr. Worthington also alleges that it was harmful procedural error for the Forest Service to place him on a compressed work schedule. Procedural error warrants reversal only if the procedures followed by the agency substantially impaired the rights of the employee. Handy v. U.S. Postal Service, 754 F.2d 335, 337-38 (Fed.Cir.1985); Doyle v. Veterans Admin., 667 F.2d 70, 72 (Ct.Cl.1981). Even if placing Mr. Worthington on a compressed work schedule allegedly against his wishes were error, we agree with the Board that Mr. Worthington cannot show that this error was harmful. Mr. Worthington chose to work on an identical compressed schedule after the Forest Service relieved him of the compressed schedule it had imposed on him. Initial Decision at 8.
 
 
 8
 Mr. Worthington also alleges that it was harmful procedural error for the Forest Service to fail to reconsider its denial of his within-grade pay increase following the January denial letter. Although the Forest Service improperly failed to give Mr. Worthington notice of his right to reconsideration of his within-grade pay increase denial, we again agree with the Board that Mr. Worthington has failed to establish that this error was harmful. Initial Decision at 13. The lack of agency reconsideration initially caused the administrative judge to find that the Board lacked jurisdiction over Mr. Worthington's appeal. On appeal, the Board determined that it had jurisdiction, absent a reconsideration determination from the Forest Service, and ordered an adjudication on the merits. Worthington v. Dep't of Agriculture, Docket Nos. SF34438910413 and SF531D8910614 (Feb. 23, 1990). Today, we review only the Board's adjudication of the merits of Mr. Worthington's complaint. Any procedural error by the Forest Service affecting Mr. Worthington's right to appeal at earlier stages in these proceedings has been rendered harmless by the adjudication of the merits of his case.
 
 
 9
 Mr. Worthington makes two arguments to this court that he did not raise below. He alleges that the Board's reliance on Ms. Bergdahl's evaluation, which contributed to the denial of Mr. Worthington's within-grade increase, was harmful error in the application of the Forest Service's procedures because Ms. Bergdahl was not Mr. Worthington's "immediate" supervisor as required by the Forest Service Union Agreement. Mr. Worthington also alleges that the Board erred by not requiring the Forest Service to automatically grant him a within-grade pay increase the day it was due, September 9, 1988, because at that time he fulfilled the conditions for such an increase outlined in Article 15 of the Union Agreement. Review of the record before us does not reveal that Mr. Worthington raised either of these issues before the Board. This court does not decide issues that were not presented to the Board. See, e.g., Rockwell v. Dep't of Transp., 789 F.2d 908, 913 (Fed.Cir.1986) ("Congress expressly limited our appellate review, 5 U.S.C. § 7703(c), to final orders and decisions of the [MSPB] on the record.") Accord Sanders v. U.S. Postal Service, 801 F.2d 1328, 1331-32 (Fed.Cir.1986) ("[G]enerally, absent a nonfrivolous constitutional challenge, an issue cannot be raised for the first time in a judicial appeal."); Lizut v. Dep't of Army, 717 F.2d 1391, 1396 (Fed.Cir.1983) (petitioner's claims not considered by this court due to failure to exhaust administrative remedies). See also Coplin v. United States, 761 F.2d 688, 691 (Fed.Cir.1985), aff'd sub nom. O'Connor et ux. v. United States, 479 U.S. 27 (1986) ("The general rule on supplementing the record with new evidence is that 'appellate courts ... can act on no evidence which was not before the court below....' " quoting Boone v. Chiles, 35 U.S. 177, 208 (1836)).
 
 
 
 *
 The caption of the Board opinion references two additional docket numbers, SFO4329110543 and SF122191W0280, which are not on appeal to this court