**Joseph W. DOYLE, Petitioner,**

**v.**

**The VETERANS ADMINISTRATION, Respondent.**

**Appeal No. 9–80.**

United States Court of Claims.

Dec. 16, 1981.

Shelby W. Hollin, San Antonio, Tex., atty. of record, for petitioner.

Michael J. Denton, Washington, D. C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D. C., for respondent. Diana Bloss, Lincoln, Neb., of counsel.

Before FRIEDMAN, Chief Judge, and KUNZIG and SMITH, Judges.

ON APPEAL FROM THE MERIT SYSTEMS PROTECTION BOARD

KUNZIG, Judge:

This civilian pay case comes to us on petitioner's timely appeal from a final decision of the Merit Systems Protection Board (MSPB).[1] Petitioner is a former employee of the Veterans Administration (VA) who was dismissed from his position as a counseling psychologist for engaging in improper and unprofessional conduct. The MSPB, after hearing testimony and reviewing the administrative record, affirmed the VA's dismissal action. We now affirm the decision of the MSPB.

Petitioner Joseph Doyle began his employment as a counseling psychologist, GS-9, with the VA in Houston, Texas, in April of 1973. He was reassigned to the VA office in San Antonio in November of 1974, and during his tenure there received several promotions. However, on August 15, 1978, a VA counselor in Houston received a phone call from the mother of one of petitioner's female clients. The woman revealed that her daughter, Ms. Vivian Adams, an attractive but unschooled eighteen-year old woman, had returned distraught from a counseling session with petitioner. When Mrs. Adams questioned her daughter, she was told that petitioner had fondled her daughter's breasts under the pretext of examining her for breast cancer.[2] The report of this incident by Mrs. Adams to the VA counselor precipitated an investigation by the VA into petitioner's conduct with other women patients. This investigation turned up incidents involving sexual contact with two other young women patients.

In response to this evidence of improper conduct by Mr. Doyle, the VA Field Director for the Western Region issued a notice of proposed removal to petitioner. This notice charged violations of two VA regulations regarding proper employee conduct,[3] and described in detail specific acts of sexual misconduct committed by petitioner.

Mr. Doyle denied the misconduct described in the notice and alleged various procedural defects in the proposed removal. Notwithstanding this denial, the Chief Benefits Director of the VA made a determination to remove petitioner from his employment with the VA effective May 14, 1979. Mr. Doyle appealed his removal to the MSPB, and a two-day hearing was held which included testimony by the petitioner and the three women patients who had alleged sexual misconduct by Mr. Doyle. Upon conclusion of the hearing, the presiding MSPB official sustained petitioner's dismissal by the VA on the ground that it "promoted the efficiency of the service."[4] Petitioner's application for reconsideration of this decision was denied by the MSPB headquarters office in Washington. This suit was then filed to review the final adverse decision of the MSPB.

We note at the outset of our analysis that the scope of review of MSPB decisions is governed by statute. We are empowered to set aside only those administrative determinations that are arbitrary, capricious, or unsupported by substantial evidence.[5] The

---

1. *Joseph W. Doyle v. Veterans Administration,* 80 FMSR (LRP) 1100, MSPB Docket No. DA075299041 (Sept. 3, 1980).

2. Upon subsequent interview by the VA District Counsel, Ms. Adams revealed that petitioner had induced her to unzip her pants and had touched her vagina. She also stated that Mr. Doyle had questioned her repeatedly concerning sexual matters.

3. The regulations provide:
810(A)—Each VA employee shall be expected to serve diligently, loyally, and cooperatively; to exercise courtesy and dignity; and to conduct himself, both on and off duty, in a manner reflecting credit upon himself and the VA.

818—An employee shall not engage in criminal, infamous, dishonest, immoral, or notoriously disgraceful conduct, or other conduct unbecoming a Federal employee or prejudicial to the Government.

4. 5 U.S.C. § 7513(a) provides, "Under regulations prescribed by the Office of Personnel Management, an agency may take an action covered by this subchapter against an employee *only for such cause as will promote the efficiency of the service.*" (Emphasis added.)

5. *See* 5 U.S.C. § 7703(c). A similar standard of review was established in cases which arose prior to the January 11, 1979 effective date of the Civil Service Reform Act. *See, e.g., Urbina*

Government also enjoys a presumption that its officials make their decisions in good faith. *Giles v. United States*, 213 Ct.Cl. 602, 605, 553 F.2d 647, 649 (1977). Despite this heavy legal burden, plaintiff chose not to present oral argument, and therefore we are further limited in our review solely to the administrative record and written submissions of the parties.

■ Contrary to petitioner's contentions, a review of the record in this case reveals substantial evidence to support the removal of Mr. Doyle from his position as a VA counselor. The testimony of Ms. Adams that petitioner took indecent liberties with her has not been refuted. Two other women testified before the MSPB that petitioner had acted improperly while ostensibly providing care and treatment as a psychological counselor. In one of these incidents the patient was asked by petitioner to lower the top of her dress, which she did, thereby exposing her breasts so that petitioner could "measure" them. Such conduct by a professionally trained psychological counselor clearly has a detrimental impact upon the patients who seek VA support services. We view Mr. Doyle's sexual contact and suggestive discussions with patients in need of psychological support as egregious misconduct which "speaks for itself." We hold that the evidence in this case establishes a sufficient nexus between petitioner's conduct and the efficiency of the service to justify his dismissal. *Masino v. United States*, 218 Ct.Cl. 531, 544, 589 F.2d 1048, 1055 (1978), *citing Young v. Hampton*, 568 F.2d 1253, 1257 (7th Cir. 1977).

■ In addition to his contention that the MSPB decision is not supported by substantial evidence, petitioner also alleges procedural irregularities at various stages of the removal process. Here again, the record does not support petitioner's position. The five-page notice of removal referred to the

VA regulations petitioner was accused of violating, contained a detailed description of the alleged sexual misconduct, and included the names of the women patients involved in the incidents. Petitioner was fully advised of the right to contest his removal, which he did with the assistance of counsel to the full extent provided by statute and regulation. Petitioner further objects that he was denied access to certain records in preparing his defense to the proposed removal action, and that interviews conducted during the course of the VA investigation were improper and violated agency regulations. However, the record indicates that petitioner received virtually all of the documents he requested[6] and that VA policy and regulations were complied with throughout the course of the investigation.

■ Even assuming *arguendo* the validity of petitioner's allegations of procedural irregularities, we have recently held that reversal of agency action for procedural error is appropriate "only if the procedures followed *substantially impaired* the rights of the employee[s]." *Brewer v. United States Postal Service*, 227 Ct.Ct. ——, 647 F.2d 1093, 1097 (1981), quoting S.Rep. No. 969, 95th Cong., 2d Sess. 64, *reprinted in* [1978] U.S.Code Cong. & Ad.News 2723, 2786 (emphasis added). We note that petitioner received a full *de novo* hearing before the MSPB and was given the opportunity to cross-examine all the complaining witnesses and VA officials. The MSPB presiding official considered in detail petitioner's procedural arguments, but found "no evidence . . . that the action in this case was processed contrary to law." We similarly find no procedural error which *substantially impaired* petitioner's rights. In summary, petitioner's procedural arguments simply do not provide sufficient grounds for reversal of the MSPB decision.

*v. United States*, 209 Ct.Cl. 192, 197, 530 F.2d 1387, 1390 (1976); *Crowley v. United States*, 208 Ct.Cl. 415, 441, 527 F.2d 1176, 1190–91 (1975).

6. Some of the psychological counseling records of the complaining witnesses were not subject

to release under a provision of the Freedom of Information Act, 5 U.S.C. § 552(b)(6), which excludes "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

All other arguments raised by petitioner, although not directly addressed in this opinion, have been considered and found to be without merit.

Accordingly, after consideration of the submissions of the parties, but without oral argument of counsel, the decision of the MSPB is

*Affirmed.*