This civilian pay case comes to us on petitioner’s timely appeal from a final decision of the Merit Systems Protection Board ( mspb ).[1] Petitioner is a former employee of the Mine Safety and Health Administration ( msha ), Depart *825 ment of Labor, who was dismissed from his position as a coal mine inspector for engaging in misconduct. The alleged misconduct consisted of three charges: 1) using abusive language to a supervisor and disrupting the work area, 2) failure to follow the supervisor’s instructions regarding work rules, and 3) absence from duty without authorization. The mspb, after conducting a three-day hearing and reviewing the administrative record, affirmed the msha’s dismissal action. We affirm the decision of the mspb.
We note at the outset of our analysis that the scope of review of mspb decisions is governed by statute. We are empowered to set aside only those administrative determinations that are arbitrary, capricious, or unsupported by substantial evidence.[2] Petitioner conceded at oral argument that he does not contest that there was substantial evidence to support the charges against him, but asserts that procedural errors by the msha precluded him from receiving a fair termination decision.
We agree with petitioner’s contention that the msha committed procedural errors. Two of these errors deserve mention. First, it appears that the msha violated a Department of Labor interim regulation[3] which required the msha to investigate the alleged improper conduct and prepare a report before initiating an adverse employment action. The record indicates that a complete investigation was undertaken and report compiled on petitioner’s misconduct only after he received notice of the proposed adverse action. A second procedural violation apparently occurred when the msha failed to make available to petitioner in a timely manner some of the supporting material used to effect his removal, especially the proposing official’s memorandum to the deciding official.[4]
*826 In evaluating the effect of these procedural violations, we are required to apply the pertinent provisions of the Civil Service Reform Act of 1978. One section of the Act, codified at 5 U.S.C. § 7701 (Supp. IV 1980), provides for an employee’s right of appeal to the MSPB and reads in part:
(c)(2) [T]he agency’s decision may not be sustained ... if the employee or applicant for employment — (A) shows harmful error in the application of the agency’s procedures in arriving at such decision .... (emphasis added).
Thus, the statutory test for determining whether procedural defects warrant reversal of an agency’s personnel decision is one of "harmful error.” The accompanying regulation, 5 C.F.R. § 1201.56(c)(3) defines "harmful error” as "[e]rror by the agency in the application of its procedures which, in the absence or cure of the error, might have caused the agency to reach a conclusion different than the one reached.”
Having reviewed the record, we are unable to conclude that in the absence of procedural errors the msha might have reached a different result. It is significant that petitioner received a full de novo hearing before the mspb, during which time he had the opportunity to argue fully his procedural contentions. See Doyle v. Veterans Administration, ante at 261, 667 F.2d 70, 72. The presiding MSPB official, who carefully considered each of petitioner’s arguments, nonetheless affirmed petitioner’s dismissal. We find that petitioner simply has not met his burden of showing "harmful error” in the application of the agency’s procedures. All other arguments raised by petitioner, although not directly addressed in this order, have been considered and found to be without merit. We hold that the MSPB *827 decision is neither arbitrary, capricious, nor unsupported by substantial evidence.
Accordingly, it is therefore ordered, after consideration of the submissions of the parties, with oral argument of counsel, that the decision of the mspb is affirmed.

 Clifton Pack v. Department of Labor, mspb Docket No. PH0752091X7 (Oct. 24, 1980).

 See 5 U.S.C. § 7703(c) (Supp. IV 1980).

 Interim DLS Chapter 752,5-1, Introduction reads in pertinent part:
When a problem of misconduct on the part of an employee is brought to the attention of the appointing officer, he/she shall immediately order a thorough investigation of the alleged improper action or actions. Upon completion of the investigation he/she shall have prepared a report which describes in detail or specifically identifies the nature or the incidents or actions which occurred, identifies completely any places and persons involved, and supplies all other necessary information. If it appears that suspension or removal may be warranted, the appointing officer shall begin the appropriate adverse action procedures.

 We have recently held that an agency’s failure to provide "all written statements or reports of any kind” does not warrant reversal of an mspb decision affirming the *826 agency’s dismissal action. See Brewer v. United States Postal Service, 227 Ct. Cl. 276, 281, 647 F.2d 1093, 1097 (1981), cert. denied, 454 U.S. 1144 (1982). Respondent contends that the statute which governs the availability of documents in an adverse employment action, 5 U.S.C. § 7513(e), does not require the agency to furnish documents which come into existence after the employee’s initial request for documents has been made. We do not now resolve this question as to the agency’s continuing duty to supply documents, but assume for purposes of this appeal that petitioner was not timely provided with documents which should have been made available to him prior to his hearing.