Edward J. HANDY, Petitioner,

v.

U.S. POSTAL SERVICE, Respondent.

Appeal No. 84–1241.

United States Court of Appeals, Federal Circuit.

Jan. 30, 1985.

William J. Lafferty, Boston, Mass., submitted for appellant.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Thomas W. Petersen, Asst. Director, Washington, D.C., and Michael T. Paul, Alexandria, Va., submitted for appellee.

Edward F. Ward, Jr., Asst. General Counsel, Washington, D.C., of counsel.

Eric J. Scharf, U.S. Postal Service, Washington, D.C., of counsel.

Before NIES, Circuit Judge, COWEN, Senior Circuit Judge, and BISSELL, Circuit Judge.

NIES, Circuit Judge.

This appeal is from the decision of the Merit Systems Protection Board (MSPB), Docket No. BN07528210054, affirming the removal of petitioner by the United States Postal Service (agency). Our jurisdiction over the appeal is found in 28 U.S.C. § 1295(a)(9). We affirm.

## Background

Petitioner, Dr. Edward J. Handy, was removed from his position as a medical officer with the U.S. Postal Service for failure to properly perform his duties in accordance with instructions. In taking this action, the agency relied on six separate instances of misconduct which occurred over a period of eight months. Three of the six charges concerned petitioner's falsification of medical records to indicate that he had performed physical examinations that had never occurred. The agency also relied on petitioner's refusal on two occasions to perform physical examinations, as required by the rules of the facility in which he worked. The final charge was that petitioner had failed to adequately document the results of his examination of a postal employee.

Petitioner appealed to the board and moved for summary judgment on the ground that he had been denied his statutory right to make an oral reply. 5 U.S.C. § 7513(b)(2).[1] A full hearing was completed prior to ruling on the motion. Before the presiding official, Dr. Handy relied primarily on allegations of harmful procedural errors including the agency's denial of oral reply; a claim that the penalty was too severe; and a charge of racial discrimination which has since been abandoned.

The presiding official determined, in an exhaustive opinion, that each of the six specifications was sustained, and concluded, therefore, that the agency had established that petitioner had failed to properly perform his duties as a medical officer. The presiding official further concluded that the penalty of removal was appropriate in light of a prior letter of warning to petitioner, the gravity of the danger to the health of postal employees, and the potential liability to the Postal Service from appellant's failure to perform his duties. Finally, the presiding official rejected petitioner's assertions of harmful procedural errors.

The full board denied Handy's petition for review, 20 M.S.P.R. 30, concluding that the legal issues had been adequately addressed in other MSPB decisions, *inter alia, Baracco v. Department of Transportation, FAA*, 15 M.S.P.R. 112, 83 FMSR 7021 (1983).

In this appeal, petitioner continues to assert that the agency committed harmful procedural errors and attacks the conduct of the hearing by the presiding official as well.

## Analysis

We find no basis for reversal of the MSPB decision. Of the numerous issues raised on appeal, only one merits extended discussion: Is the denial of a *statutory* procedural right at the agency level, in this case the right to make an oral reply, harmful *per se?* In connection with this issue, the presiding official found that petitioner had not made an unambiguous request for an oral reply in addition to his written reply and that there was, therefore, no error. However, the full board, by citing the *Baracco* decision, appears to rest its decision on petitioner's failure to show that any error was harmful. The parties also have given this interpretation to the full board decision in their arguments.

---

1. 5 U.S.C. § 7513(b)(2) reads:

    (b) An employee against whom an action is proposed is entitled to—

    (2) a reasonable time, but not less than 7 days, to answer orally and in writing and to furnish affidavits and other documentary evidence in support of the answer.

It is petitioner's contention that no "request" is necessary to exercise a statutory procedural right. Further, per petitioner, where a statutory right has been denied, the decision cannot be "in accordance with the law," the standard found in 5 U.S.C. § 7701(c)(2)(C).

The pertinent statutory provisions with respect to MSPB review of agency's decision read:

7701(c)(2) [T]he agency's decision may not be sustained ... if the employee ...—

(A) shows harmful error in the application of the agency's procedures in arriving at such decision.

\* \* \* \* \* \*

(C) shows that the decision was not in accordance with law.

These provisions of the statute were thoroughly considered by the MSPB in the above cited *Baracco* case in connection with the denial of a statutory right of the employee, a decision subsequently upheld on appeal. *Baracco v. Department of Transportation*, 735 F.2d 488, 490 n. 3 (Fed.Cir.1984).

In *Baracco*, the petitioner objected to being given only six days in which to reply, rather than seven, as specified in 5 U.S.C. § 7513(b)(2), *supra* note 1. The MSPB carefully reviewed the statutory history of the Civil Service Reform Act of 1978, Pub.L. No. 95–454, 92 Stat. 1111 (1978) (Reform Act) to discern the relationship of the two provisions (A) and (C) quoted above and found no clear guide to their interpretation. However, it found direction, in favor of ruling that an employee must show *harmful* error in the agency's failure to follow the required statutory procedure, in the numerous expressions of concern during hearings on the Reform Act about reversals of agency claims on procedural grounds. Finally, the board found additional guidance in the need to give effect to all parts of the statute. The board reasoned that if the harmful error provision could not be applied in connection with procedures established by statute, by the same token, it could not be applied to procedures established by regulations, which have the force of law. Therefore, the statutory provision on harmful error would be meaningless.

The board found support for its position that procedural error (statutory or not) must be shown to be harmful in precedent of this court, particularly, *Doyle v. Veterans Administration*, 229 Ct.Cl. 261, 667 F.2d 70, 72 (1981); *Brewer v. U.S. Postal Service*, 227 Ct.Cl. 276, 647 F.2d 1093, 1097 (1981), *cert. denied*, 454 U.S. 1144, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1983) and *Shaw v. U.S. Postal Service*, 697 F.2d 1078 (Fed. Cir.1983). For example, as stated by Judge Cowen in *Brewer*, the first case reviewed by the Court of Claims under the Reform Act, which added the "harmful error" provision:

In enacting the Civil Service Reform Act of 1978, Congress declared that this court should reverse agency actions for procedural error "only if the procedures followed substantially impaired the rights of the employees." S.Rep. No. 969, 95th Cong., 2d Sess. 64, *reprinted in* [1978] U.S.Code Cong. & Ad.News 2723, 2786.

647 F.2d at 1097.[2]

On appeal to this court, the board's decision in *Baracco* was affirmed but without extended analysis on this point. However, we are in accord with the board's analysis. We would add only that paragraphs (A) and (C) are not directed to the same end.[3] Harmful error in procedures (paragraph A) raises the question: Did the wrongful procedure harm the employee in the presentation of his defense so that a different result might have been reached? Paragraph (C), on the other hand, is directed *to the deci-*

---

**2.** The cases relied upon by petitioner, *Mallow v. United States*, 161 Ct.Cl. 207 (1963) and *LaMarche v. United States*, 150 Ct.Cl. 631 (1960) are no longer controlling in view of the amendment to the statute.

**3.** *See Baracco*, 735 F.2d at 496 (Nies, J., concurring).

*sion* itself. Was the decision in its entirety in accordance with law? The harmful error provision is part of the law and, thus, negates a *per se* rule with respect to any procedural error.

Petitioner made no effort to show or even argue that, had he made an oral reply, it would have benefitted his case; e.g., he would have better understood the charges against him, or would have offered some additional evidence, or perhaps altered the presentation of his case from that in his written reply. Having failed to show that in some way an oral reply would have possibly affected the agency's decision, petitioner is not entitled to prevail. It is insufficient simply to show that a statutory procedure was not followed at the agency level. Harmful error must be shown.

### Conclusion

Upon consideration of all of petitioner's arguments, we conclude there is no basis for reversal under the standard of review set forth in 5 U.S.C. § 7703(c) (1982).

AFFIRMED.