831 F.2d 305
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lance W. BENJAMIN, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 Appeal No. 87-3261
 United States Court of Appeals, Federal Circuit.
 September 4, 1987.
 
 Before DAVIS, PAULINE NEWMAN and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (MSPB or board), Docket No. DA07528410582, sustaining the action of the United States Postal Service (USPS or agency) in removing Lance W. Benjamin from his position as a distribution clerk is affirmed.
 
 OPINION
 
 2
 Reversal of the agency's prior removal action on procedural grounds in Benjamin v. Postal Service, 26 M.S.P.R. 670 (1985), did not preclude the agency from reinitiating the removal action based on the same charges. Reynolds v. United States, 454 F.2d 1368, 1374 (Ct. Cl. 1972).
 
 
 3
 In the current action, the notice of proposed removal required by 5 U.S.C. Sec. 7513 (1982) was personally delivered to Benjamin's last known place of residence. Although Benjamin's estranged wife signed the receipt for the notice and later testified that she threw the notice away instead of forwarding it to Benjamin, the board found that the agency made an intelligent and diligent effort to serve Benjamin. Shaw v. United States, 622 F.2d 520, 527-28 (Ct. Cl.), cert. denied, 449 U.S. 881, reh'g denied, 449 U.S. 987 (1980). The board also found that Benjamin and his counsel had actual notice of the proposed action and were afforded an opportunity to respond at a predisciplinary interview. It then concluded that, in any event, there was no harmful procedural error because petitioner admitted the misconduct charged, had the opportunity to advise the agency of any reasons why removal should not be accomplished, and failed to demonstrate that in the absence of alleged error the agency might have reached a different conclusion.
 
 
 4
 In Handy v. United States Postal Service, 754 F.2d 335, 338 (Fed. Cir. 1985), we held that it is insufficient simply to show that a statutory procedure was not followed at the agency level. Rather, harmful error must be shown. See 5 U.S.C. Sec. 7701(c)(2)(A), (C). We cannot say that the board erred in concluding that Benjamin had not been harmed by any procedural error that may have occurred and we must therefore affirm the decision of the board.