831 F.2d 306
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Donnell HOWELL, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 Appeal No. 87-3295
 United States Court of Appeals, Federal Circuit.
 September 10, 1987.
 
 Before BISSELL, Circuit Judge, JACK R. MILLER, Senior Circuit Judge, and ARCHER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board, Docket Number AT07528610270, affirming the removal of Donnell Howell is affirmed.
 
 OPINION
 
 2
 Howell was removed by the Department of Justice (agency) on charges founded upon his refusal to take a breathalyzer test. Howell contends that he had a right to have the representative of his choice present before the breathalyzer test could be administered. See 5 U.S.C. Sec. 7114(a)(2)(B); Supplemental Collective Bargaining Agreement, Article 3.
 
 
 3
 We need not, and do not, decide whether Howell was entitled to his chosen representative. Violations by the agency of a statute and of a collective bargaining agreement are subject to the harmful error test. 5 U.S.C. Sec. 7701(c)(2); Handy v. United States Postal Serv., 754 F.2d 335, 337 (Fed. Cir. 1985). In order to have his removal set aside for harmful procedural error, Howell had to prove, by preponderant evidence, that the alleged error could have affected the outcome of his removal. Mercer v. Department of Health and Human Serv., 772 F.2d 856, 859 (Fed. Cir. 1985).
 
 
 4
 Before the presiding official Howell argued that he would have taken the test if he had been given the representative of his choice--Mr. Ficalore. The presiding official did not find Howell's testimony credible. Further the presiding official found that Howell had only two options--he could have taken the test or refused to take the test. Before the presiding official, Mr. Ficalore testified that if he had been allowed to be present, he would have told Howell that Howell either had to take the test or pay the consequences. Howell himself stated at the hearing that any representative probably would have told him he had these two choices.
 
 
 5
 Thus even assuming that the agency erred in not providing Howell the representative of his choice, the conclusion of the presiding official 'that appellant has not met his burden of proving harmful procedural error' is supported by substantial evidence. After reviewing the submissions of the parties, we find no basis under our statutorily prescribed scope of review for setting aside the Board's final decision. 5 U.S.C. Sec. 7703(c) (1982).