831 F.2d 306
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Willie E. RHYNE, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
 No. 87-3159
 United States Court of Appeals, Federal Circuit.
 September 30, 1987.
 
 Before NIES, BISSELL and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Willie E. Rhyne, pro se, seeks review of the final decision of the Merit Systems Protection Board, Docket No. AT07528610338, sustaining the Department of Transportation's decision to remove him from his position as an Air Traffic Control Specialist. We affirm.
 
 OPINION
 
 2
 The agency charged Rhyne with two separate employment-related offenses: (1) negligent work performance risking loss of life, based on two separate incidents, one on December 2, 1985 and the other on December 12, 1985, and (2) four specifications directed to falsification, concealment, or misstatement of material facts relating to those incidents. Both incidents involved operational error on Rhyne's part in permitting two aircraft to fly at less than minimal legal separation, his failure to correct the situation, and his subsequent efforts to conceal those operational errors. In particular, the administrative judge found that on December 2 Rhyne intentionally blocked the error detection system and never reported his operational error, although all operational errors must be reported and investigated. Rhyne's efforts to conceal his operational error would have been successful but for the incident on December 12, which caused the agency to review its computer input information of December 2. That information showed the incident had occurred.
 
 
 3
 After failing to correct a separation on December 12, Rhyne gave false information to a pilot who radioed, stating 'that was close,' and asked about the other aircraft. Rhyne told the pilot that the other craft was flying under VFR (visual flight rules) when in fact it was under his control. The pilot did not accept the explanation because of weather conditions. Rhyne then gave the pilot an invalid weather report. Rhyne also initially gave his supervisor a false account of the incident. Rhyne confessed these facts on December 12 after the pilot asked for Rhyne's telephone number and indicated he might report the incident. That confession ultimately led to the investigation and charges against Rhyne.
 
 
 4
 The administrative judge found that Rhyne's errors were negligent, not inadvertent, and that Rhyne had intentionally attempted to conceal his errors. She then found the removal penalty appropriate and affirmed the agency's action. The full board denied Rhyne's petition for review. Accordingly, the administrative judge's decision became the decision of the board. 5 C.F.R. Sec. 1201.113(b) (1987).
 
 
 5
 The statute providing for appellate review, 5 U.S.C. Sec. 7703 (1982), requires that we review the board's decision much like we would review the verdict of a jury. The board's findings of fact cannot be overturned if, considering the record as a whole, they are supported by substantial evidence, that is, if a reasonable person on the evidence could have made the findings made by the board. Brewer v. United States Postal Serv., 647 F.2d 1093, 1096 (Ct. Cl. 1981), cert. denied, 454 U.S. 1144 (1982). The evidence here fully supports the board's findings that Rhyne committed the acts of negligence and concealment on which his removal was based.
 
 
 6
 Rhyne contends that his errors were not as serious as those of another controller who was not removed, and, therefore, he should not have been removed. The agency maintains that the other controller did not attempt to cover up his errors and that concealment was a key factor in its decision to remove Rhyne. The administrative judge found no disparate treatment, and that finding is supported by substantial evidence.
 
 
 7
 Rhyne also challenges the removal penalty as unduly harsh. The appropriateness of a penalty is a matter committed primarily to the agency's discretion. Schapansky v. Department of Transp., FAA, 735 F.2d 477, 484 (Fed. Cir.), cert. denied, 105 S. Ct. 432 (1984). This court will overturn the agency's choice of penalty only if it is so unreasonable that it amounts to an abuse of discretion. We do not find such unreasonableness in this instance.
 
 
 8
 Finally, Rhyne contends that the agency, by failing to provide the materials it relied on concerning the first incident until after he filed his appeal with the board, committed harmful procedural error. Rhyne failed, however, to show how that error might have affected the outcome at the board level. Therefore, this argument fails. See Handy v. United States Postal Serv., 754 F.2d 335, 338 (Fed. Cir. 1985).
 
 
 9
 Having considered each of Rhyne's contentions on appeal, we affirm on the basis of the MSPB's opinion.