976 F.2d 747
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John E. DALTON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3047.
 United States Court of Appeals, Federal Circuit.
 Aug. 10, 1992.
 
 Before MICHEL and LOURIE, Circuit Judges, and RESTANI, Judge.*
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 John E. Dalton appeals the initial decision of the Administrative Judge (AJ) which became final on September 24, 1991, upon denial of review by the Merit Systems Protection Board. The AJ upheld the Office of Personnel Management's (OPM's) denial of Dalton's request for reconsideration as untimely filed. Dalton v. Office of Personnel Management, No. DE831E9110160 (MSPB April 17, 1991). Because the AJ's decision is supported by substantial evidence and is otherwise free from reversible error, we affirm.
 
 DISCUSSION
 
 2
 The AJ's decision in this case must be sustained unless it is:
 
 
 3
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 4
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 5
 (3) unsupported by substantial evidence
 
 
 6
 ....
 
 
 7
 5 U.S.C. § 7703(c) (1988). See Cheeseman v. OPM, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). The agency's decision can be overturned if petitioner can establish that it is not supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Bradley v. Veterans Admin., 900 F.2d 233, 234 (Fed.Cir.1990) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 
 8
 Any individual whose rights or interests under the Civil Service Retirement System are affected by a decision of OPM may request OPM to review its original decision. 5 C.F.R. § 831.109(a) (1992). The Code of Federal Regulations provides:
 
 
 9
 (e) Time limits on reconsideration.
 
 
 10
 (1) A request for reconsideration must be received by OPM within 30 calendar days from the date of the original decision.
 
 
 11
 (2) The representative of the Associate Director for Compensation responsible for reconsiderations may extend the time limit for filing when the individual shows that he/she was not notified of the time limit and was not otherwise aware of it, or that he/she was prevented by circumstances beyond his/her control from making the request within the time limit.
 
 
 12
 5 C.F.R. § 831.109(e) (1992). In the instant case, the AJ found that petitioner did not file his request for reconsideration within 30 days and that petitioner failed to establish that he was not notified of the time limit or that he was prevented by circumstances beyond his control from filing a timely request. Slip op. at 4. Petitioner has not shown these findings to be unsupported by substantial evidence; therefore, they must stand. See 5 U.S.C. § 7703(c).
 
 
 13
 Instead, petitioner argues that OPM's letter dated October 10, 1990, violated his constitutional rights because it misled him into believing that he could file a request for reconsideration only if he were mentally incompetent. While we agree with petitioner that OPM's letter is somewhat misleading in that regard, we cannot say that the letter is legally deficient. The letter clearly states that "[a] request for reconsideration must be received in OPM within 30 days of the date of this letter." Moreover, the letter emphasizes the importance of the 30 day time limit, stating "do not delay your request for reconsideration." The letter also suggests that the only reasons that the 30 day time limit can be waived is if petitioner "can show that [he was] unaware of the time limit, not notified of the time limit, or prevented from responding by circumstances beyond [his] control."
 
 
 14
 Petitioner was already on notice of the importance of OPM's time requirements due to the fact that his application for disability retirement had itself been denied as untimely. Furthermore, that petitioner did request OPM to reconsider its initial denial by letter dated November 28, 1990 without asserting mental incompetence shows that petitioner was aware that reconsideration could be requested on other grounds.
 
 
 15
 In any event, even if we had determined that OPM's letter was legally deficient and that the time limit for reconsideration should have been waived in this case, petitioner would still not be entitled to relief because he has not shown harmful error. Handy v. U.S. Postal Serv., 754 F.2d 335, 338 (Fed.Cir.1985) (stating that "[h]armful error must be shown" in order for petitioner to prevail).
 
 
 16
 In order to be entitled to a disability retirement annuity, the CSRA expressly requires that disability retirement applications be filed "with the Office [of Personnel Management] before the employee or Member is separated from the service or within 1 year thereafter." 5 U.S.C. § 8337(b) (1988) (emphasis added). While the statute does allow the "time limitation [to] be waived by the Office for an employee ... [who] is mentally incompetent," id., petitioner admits that he is not mentally incompetent. With the waiver provision inapplicable to petitioner, petitioner is not entitled to a disability retirement annuity unless he satisfies the express statutory requirement that his application be filed with OPM within one year after his separation from service. Petitioner did not satisfy this express statutory requirement.
 
 
 17
 Petitioner argues that he "constructively" filed his application in a timely manner. In support of this argument petitioner states "[i]t is constitutionally unfair that the governmental agency miss sent and later delayed sending the proper retirement disability application forms to the OPM." Notwithstanding petitioner's sense of unfairness in this case, however, we are without authority to grant petitioner relief.
 
 
 18
 As stated above, petitioner failed to satisfy the express statutory requirement for entitlement to a disability retirement annuity. We have no authority to waive that express statutory requirement. The Supreme Court has stated that the Appropriations Clause of the Constitution, Art. I, § 9, cl. 7, does not allow an estoppel against the government on a claim for payment of money from the Public Treasury where it is contrary to a statutory benefit eligibility criterion. Office of Personnel Management v. Richmond, 496 U.S. 414, 434 (1990). Instead, where "the relevant statute by its terms excludes respondent's claim, ... his remedy must lie with Congress." Id. at 432.
 
 
 19
 Therefore, despite the fact that the Forest Service may have initially provided petitioner with the wrong forms, and despite the fact that the Forest Service may have been slow in forwarding the correct forms to OPM, petitioner cannot now complain that the Forest Service was too slow. Petitioner is presumed to know the law. The law requires that petitioner file his forms with OPM within one year after his separation from service. Although petitioner could have submitted his disability retirement application forms before he separated from the Forest Service, he waited almost 10 months after his separation from service before submitting the forms. Moreover, petitioner did not file the forms with OPM but instead filed them with the Forest Service.
 
 
 20
 In sum, we conclude that petitioner has not shown that the AJ committed reversible error. That is, petitioner has not shown that his belated application for disability retirement annuity could legally have been accepted.
 
 
 
 *
 Judge Jane A. Restani of the United States Court of International Trade, sitting by designation