6 F.3d 786
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Arnold J. PALDER, Petitioner,
v.
DEPARTMENT OF THE TREASURY, Respondent.
 No. 93-3094.
 United States Court of Appeals, Federal Circuit.
 Sept. 2, 1993.
 
 Before ARCHER, MAYER and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Arnold J. Palder appeals the initial decision of the Merit Systems Protection Board, No. PH0752920217-I-1 (May 7, 1992), affirming his removal from the Internal Revenue Service for conduct in violation of the employer-employee relationship and agency rules of conduct. The initial decision became final on October 30, 1992, when the full board denied Palder's petition for review. We affirm.
 
 
 2
 Arnold J. Palder was employed by the Internal Revenue Service, Taxpayer Service Division in Jenkintown, Pennsylvania, as a Contact Representative. The IRS charged that on July 5, 1991, Palder threatened his second-level supervisor, Lorraine Kieser, when she attempted to deliver to him notice of a 10-day suspension to begin on July 8, 1991. Palder denied that his conduct was threatening and argued that his actions were reasonable under the circumstances.
 
 
 3
 After an oral hearing, the Administrative Judge determined that the preponderance of the evidence supported the IRS's charge. The AJ found that on July 5, when Kieser delivered notice of his suspension, Palder objected to serving the suspension because he had not yet received notice of a decision on a grievance filed contesting the suspension. Kieser testified that Palder became irate, shouted at her, and stated he would be at work on Monday anyway. She further testified that Palder continued to shout, and approached her closely and snapped a pencil in her face. After notifying the acting supervisor at the Jenkintown Office that Palder "was acting as though out of control", Kieser left the suspension notice with Palder, and then left the office.
 
 
 4
 Kieser further testified that Palder followed her from the office, into the elevator and then out of the building, continuing to shout and berate her verbally. She stated that she was afraid Palder might do her physical harm. Palder followed Kieser to the train station where she intended to get a train back to her own office in Philadelphia. She stated that Palder broke another pencil in her face, and when she told him to go back to work he asked her what she would do if he did not. Kieser testified that, at this point, she noticed a postal employee at the station and went over to talk to him because she was fearful of what Palder might do if the encounter continued. While she conversed with the postal worker, Palder continued to speak, calling her a "liar". After the worker left the station and Palder's behavior continued, Kieser told him she was going to call the police and left the station. When she saw that Palder was no longer following her, but was apparently headed back to his office, she returned to the station and traveled back to her office.
 
 
 5
 While Palder admitted he followed Kieser into the elevator and then to the train station, he denied acting in a threatening manner, snapping pencils at her, calling her a "liar" or that he made any other disparaging remarks. He contended that he was walking with her in an attempt to get her to postpone his suspension. The AJ found Kieser's testimony to be more credible than Palder's and that it was supported by testimony of other witnesses presented by the IRS.
 
 
 6
 On the basis of the hearing testimony, and after applying the factors set out in Metz v. Department of the Treasury, 780 F.2d 1001, 1002 (Fed.Cir.1986), the AJ found Palder's conduct to be "threatening" to Kieser. The AJ further found that Palder's behavior was not justified by consideration of his frustration with the IRS. The AJ concluded that the removal action was taken for cause to promote the efficiency of the service and that the penalty was reasonable under the circumstances.
 
 
 7
 This court reviews decisions of the Merit Systems Protection Board under a limited standard prescribed by statute. We must affirm a board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. Sec. 7703(c) (1988).
 
 
 8
 Palder's arguments on appeal consist largely of asserting factual error in the AJ's decision. After a review of the record and arguments raised in the briefs, we conclude that there is substantial evidence to support the AJ's findings. Many of these findings rest on credibility determinations and such determinations of an AJ are "virtually unreviewable." Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). In addition, the AJ properly reviewed the reasonableness of the agency's action, reiterating the deciding official's consideration of Palder's performance record, that Palder had engaged in disruptive and disrespectful conduct in the past, that his expressed frustration did not mitigate against his actions, and that rehabilitation did not appear likely. The AJ concluded that the removal action was taken to promote the efficiency of the service and the agency's penalty struck a responsible balance and was reasonable under the circumstances. See Douglas v. Veterans Administration, 5 M.S.P.R. 280, 306 (1981). The board's decision sustaining the IRS's removal action was not arbitrary, capricious, or an abuse of discretion and was in accordance with the applicable law.
 
 
 9
 Finally, Palder has made assertions of harmful procedural error both by the IRS in its removal action and from alleged misconduct during discovery and at the hearing before the AJ. We agree with the board that Palder failed to show he was harmed by the alleged procedural errors made by the IRS in his removal action. See Handy v. United States Postal Service, 754 F.2d 335, 338 (Fed.Cir.1985). As for the board proceedings, Palder argued that prehearing discovery was ineffectual, that he was denied certain witness testimony, and that the AJ failed to consider certain evidence in rendering his decision. The AJ, however, has wide discretion in controlling the proceedings under 5 C.F.R. Sec. 1201.41 (1992), and a decision on such procedural matters will not be overturned "unless an abuse of discretion is clear and is harmful." Curtin v. Office of Personnel Management, 846 F.2d 1373, 1378 (Fed.Cir.1988). Palder has failed to establish that an abuse of discretion occurred in this case. We find Palder's additional arguments for reversal of the board's decision to be without merit.