David R. ALECK, Petitioner,

v.

UNITED STATES POSTAL SERVICE,
Respondent.

No. 06–3157.

United States Court of Appeals,
Federal Circuit.

July 18, 2006.

Rehearing Denied Aug. 22, 2006.

Before MICHEL, Chief Judge, RADER
and SCHALL, Circuit Judges.

DECISION

PER CURIAM.

David R. Aleck petitions for review of
the final decision of the Merit Systems
Protection Board ("Board") sustaining the
action of the United States Postal Service
("agency") removing him from his position
as a City Letter Carrier in Warren, Michigan. *Aleck v. United States Postal Serv.,*
No. CH0752050604–I–1, 100 M.S.P.R. 643

(M.S.P.B. Dec.8, 2005) (*"Final Decision"*). We *affirm.*

## DISCUSSION

### I.

Mr. Aleck was removed from his position after an incident that occurred on February 19, 2005. On that day, Mr. Aleck fell from the postal vehicle he was operating, and the vehicle then struck a parked car. Following an investigation of the incident, the agency removed Mr. Aleck based upon three charges. The first charge was "failure to perform duties in a safe manner." In regard to this charge, the agency alleged that Mr. Aleck fell out of the vehicle because, contrary to agency policy and regulations, he was driving the vehicle without wearing a seat belt and with the door open. The second charge was "failure to immediately report an accident." In regard to this charge, the agency alleged that the accident occurred at 11:00 a.m., but that Mr. Aleck did not report it until 12:45 p.m. The third charge was "failure to follow instructions to report to clinic." In regard to this charge, the agency alleged that, following the accident, Mr. Aleck failed to obey the instructions of his supervisor that he report to a medical clinic for an evaluation.

Mr. Aleck appealed his removal to the Board. On August 9, 2005, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision based upon the documentary record after Mr. Aleck waived his right to an evidentiary hearing. *Aleck v. United States Postal Serv.*, No. CH0752050604–I–1, slip op. (M.S.P.B. Aug.9, 2005) (*"Initial Decision"*). In his initial decision, the AJ (i) found that the agency had established the charges against Mr. Aleck by a preponderance of the evidence; (ii) rejected Mr. Aleck's affirmative defenses (based upon allegations of procedural error and disability discrimination); and (iii) determined that the penalty of removal was reasonable. *Id.* at 3–10. Based upon these rulings, the AJ sustained the agency's action removing Mr. Aleck from his position. *Id.* at 10. The AJ's initial decision became the final decision of the Board on December 8, 2005, when the Board denied Mr. Aleck's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). *Final Decision.* This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

### II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998).

On appeal, Mr. Aleck argues that the agency did not sustain its burden of proof with respect to the three charges against him. He thus urges that the decision of the Board is not supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dickey v. Office of Pers. Mgmt.*, 419 F.3d 1336, 1339 (Fed. Cir.2005) (quoting *Consol. Edison Co. v. Nat'l Labor Relations Board*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). We have reviewed the Board's decision concerning the charges against Mr. Aleck in light of the evidence of record. Having done so, we have no difficulty concluding that the Board's decision is supported by

substantial evidence. We therefore reject Mr. Aleck's argument with respect to the sufficiency of the evidence.

■ Mr. Aleck claims that the agency committed harmful procedural error when, during its initial investigation of the February 19th incident, it denied him union representation. The AJ considered this claim and determined that, while the agency had committed a "technical violation" of the right to representation, the violation constituted harmless error. *See Handy v. United States Postal Serv.,* 754 F.2d 335, 337 (Fed.Cir.1985) ("Harmful error in procedures ... raises the question: Did the wrongful procedure harm the employee in the presentation of his defense so that a different result might have been reached?"); *see also Cornelius v. Nutt,* 472 U.S. 648, 659, 105 S.Ct. 2882, 86 L.Ed.2d 515 (1985) ("[I]n an appeal of an agency disciplinary decision to the Board, the agency's failure to follow bargained-for procedures may result in its action's being overturned, but only if the failure might have affected the result of the agency's decision to take the disciplinary action against the individual employee."). Based upon the record before him, the AJ concluded that Mr. Aleck failed to establish the likelihood that, had he received union representation at the initial investigation, the agency might have reached a different conclusion in the matter. *Initial Decision,* slip op. at 6–7. We see no error in this conclusion. We also see no error in the AJ's rejection of Mr. Aleck's argument that harmful procedural error occurred because he was not personally present during the oral reply to the charges against him. *See id.* at 5–6. The AJ found—and substantial evidence supports the finding— that Mr. Aleck's representative was present for the oral reply and indicated that Mr. Aleck did not wish to be present. *See id.* at 5.

■ Finally, Mr. Aleck argues that the penalty of removal was unreasonable. After considering the appropriate "Douglas factors," *see Douglas v. Veterans Admin.,* 5 MSPB 313, 5 M.S.P.R. 280, 306 (1981); *see also Zingg v. Dep't of the Treasury,* 388 F.3d 839, 841 (Fed.Cir.2004), however, the AJ determined that the penalty of removal was reasonable and did not represent an abuse of discretion. Based upon the evidence of record before us, we see no reason to disturb that ruling.

For the foregoing reasons, the final decision of the Board is affirmed.

Each party shall bear its own costs.