# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

IN THE MATTERS OF:                    DOCKET NUMBERS

AUSTIN IRS CONSOLIDATION,             DA-0752-13-4730-I-1
IRS AGUILAR CONSOLIDATION,            DA-0752-13-4550-I-1
IRS BODDEN CONSOLIDATION,             DA-0752-13-4551-I-1
IRS FLEETWOOD CONSOLIDATION           DA-0752-13-4552-I-1
          Appellants,[1]

          v.
                                      DATE: December 22, 2015
DEPARTMENT OF THE TREASURY,
          Agency.


# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Julia E. Miller, Karen L. Lorch, Ramona Wright and Tonia Gilmore,
     Austin, Texas, for the appellants.

Brandon Baseman, Washington, DC, for the appellants.

Aaron J. Bennett, Esquire, and Bridgette M. Gibson, Esquire, Dallas,
     Texas, for the agency.

---

[1] All of the appellants that are included in this larger consolidation are set forth in Appendices A-D to this Order.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1   The appellants have filed petitions for review of the initial decisions, which affirmed their furloughs.  Generally, we grant petitions such as these only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decisions were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioners' due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in these appeals, we conclude that the petitioners have not established any basis under section 1201.115 for granting the petitions for review.  Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decisions.  5 C.F.R. § 1201.113(b).

¶2   A number of similarly situated employees in the Wage and Investment Division of the Internal Revenue Service (IRS), assigned to Austin, Texas, appealed the agency's decisions to furlough them for 3 days, one each in May, June, and July, 2013.  The individual appeals were consolidated into four groups over which the same administrative judge presided.  After holding a single hearing for all appellants in all four consolidations, he issued identical initial

decisions for each consolidation, affirming the agency's actions.[3] *See, e.g.*, *Austin IRS Consolidation v. Department of the Treasury*, MSPB Docket No. DA-0752-13-4730-I-1, Consolidation Appeal File, Tab 17, Initial Decision (ID) at 2, 13. The administrative judge first addressed the agency's motion to dismiss the appeals on the basis that the appellants had elected another forum in which to pursue their claims. Specifically, the agency argued that the National Treasury Employees Union (NTEU) filed a national grievance regarding the furloughs on June 14, 2013, asserting that it was filing on behalf of all bargaining unit members who, like the appellants, had not filed a Board appeal by that date. The administrative judge considered evidence submitted by the appellants that they chose to file a Board appeal rather than a grievance, that they never contacted NTEU about filing the grievance, that they did not ratify NTEU's grievance, and that they did not desire NTEU to file a grievance on their behalf; the lack of any evidence by the agency to rebut the appellants' evidence; and the further lack of explicit evidence that the appellants requested that NTEU file a grievance on their behalf. The administrative judge concluded that it was more likely than not that the appellants did not authorize the union to file a grievance on their behalf or that they had knowledge that it was filed before they filed their appeals. He therefore found that the appellants made valid elections to appeal to the Board and that the Board had jurisdiction to adjudicate the appeals. ID at 4-5. The administrative judge further found that the agency proved that there was "cause" for the furlough and that it was a reasonable management solution to the financial restrictions placed upon the agency, ID at 6; that the furlough was applied uniformly and consistently, ID at 6-9; that the appellants failed to prove that the agency denied them due process, ID at 9-12, or committed harmful procedural

---

[3] The initial decision in *Austin IRS Consolidation v. Department of the Treasury*, MSPB Docket No. DA-0752-13-4730-I-1, was issued on July 17, 2015, whereas the other three consolidated initial decisions were issued on July 20, 2015.

error, ID at 12-13; and that whether the agency committed an unfair labor practice was beyond the Board's scope of review, ID at 13.

¶3        The same attorneys representing the appellants on appeal filed identical petitions for review of the initial decisions on behalf of the appellants in each of the four consolidations.  *See, e.g.*, *Austin IRS Consolidation v. Department of the Treasury*, MSPB Docket No. DA-0752-13-4730-I-1, Petition for Review (PFR) File, Tabs 1-2.  We have further consolidated all four consolidations.  *See* 5 C.F.R. § 1201.36(b) (consolidation is appropriate if doing so would expedite processing and not adversely affect the interests of the parties); *see also Prouty v. General Services Administration*, 122 M.S.P.R. 117, ¶ 1 (2014) (consolidating cases on review that were adjudicated separately below).  The agency has responded to the petitions for review.  PFR File, Tab 4.  This final order applies to all of the appellants in all four consolidations whose furloughs were upheld below.

¶4        On review, the appellants challenge the administrative judge's finding that it is beyond the Board's scope of review to consider their claim that the agency committed an unfair labor practice by implementing the furlough before bargaining was complete.  PFR File, Tab 1 at 3-4.  The appellants assert that, on December 4, 2014, before the initial decisions were issued, an arbitrator's award found that the agency committed an unfair labor practice in violation of 5 U.S.C. § 7116, "Unfair labor practices," and a specific provision of the National Agreement by unilaterally implementing the 3 furlough days on IRS bargaining unit employees prior to the completion of bargaining with NTEU.  The appellants reason that the agency's action was therefore not in accordance with law under 5 U.S.C. § 7701(c)(2)(C) and cannot be sustained.  *Id.* at 3.

¶5        Pursuant to 5 U.S.C. § 7701(c)(2)(C), an "agency's decision may not be sustained . . . if the employee or applicant for employment shows that the decision was not in accordance with law."  To succeed in a not-in-accordance-with-law defense, an appellant must establish that there is no

legal authority for the action.  *See Hamilton v. U.S. Postal Service*, 58 M.S.P.R. 486, 488-89 (1993).  That is, the Board must determine whether the decision itself, in its entirety, was not in accordance with law.  *See Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 683 (1991) (citing *Handy v. U.S. Postal Service*, 754 F.2d 335, 337-38 (Fed. Cir. 1985)).  Here, the appellants acknowledge that the basis of the unfair labor practice claim and the arbitrator's decision was the agency's implementation of the 3 specific furlough days before the completion of bargaining with NTEU.[4]  PFR File, Tab 1 at 2.  The appellants have not demonstrated, nor do they even assert, that the agency's legal authority to take the furlough action was an issue presented to the arbitrator or that it was the basis for his finding that the agency committed an unfair labor practice.  Therefore, there is no showing that the arbitrator's decision established that the agency lacked the legal authority to furlough the appellants.  Moreover, the Board has held that the scheduling of an agency's furlough action is not a matter within the Board's jurisdiction under 5 U.S.C. chapter 75, *Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 13 (2015), and that the implementation of a furlough is generally left to the agency's discretion, *see Lopez v. Department of the Navy*, 121 M.S.P.R. 647, ¶¶ 16-17 (2014); *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 9 (2013).

¶6        The appellants also challenge on review the administrative judge's finding that they were not denied due process by the conditions of the oral reply.  PFR File, Tab 1 at 4-7.  Specifically, the appellants argue, as they did below, that the 7 calendar days they were given denied them a meaningful opportunity to respond, that union stewards were overburdened by the number of affected bargaining unit members for whom they had to prepare replies and that the result was a reply opportunity that was "an empty formality."  *Id.* at 6.  However, the Board has found in this context that where the agency proposed furloughing an

---

[4] The appellants did not, on review, submit a copy of the arbitrator's award.

appellant, but first provided him with 7 days to respond orally or in writing, the agency provided him with the required constitutional right to minimum due process and a meaningful opportunity to respond.  5 U.S.C. § 7513(b); *see Ronso v. Department of the Navy*, 122 M.S.P.R. 391, ¶ 13 (2015).  To the extent the appellants argue that, by its action in this regard, the agency committed harmful procedural error, PFR File, Tab 1 at 7, they have not challenged the administrative judge's finding that they offered no evidence that the agency would have made a different decision in the absence of any such error, ID at 12-13; *see Vena v. Department of Labor*, 111 M.S.P.R. 168, ¶ 11 (2009).

## NOTICE TO THE APPELLANTS REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is

available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.

APPENDIX  A

Austin IRS Consolidation

**DA-0752-13-4730-I-1**


| | |
|---|---|
| Alice C. Mandujano | DA-0752-13-0489-I-1 |
| Benjamin S. Eureste | DA-0752-13-0493-I-1 |
| Caren M. Kennedy | DA-0752-13-0497-I-1 |
| Carl T. Davenport | DA-0752-13-0537-I-1 |
| Carlos E. Cordero | DA-0752-13-0511-I-1 |
| Carol D. Brinkley | DA-0752-13-0484-I-1 |
| Deanna M. Solimine | DA-0752-13-0487-I-1 |
| Edward F. Walker | DA-0752-13-0505-I-1 |
| Elizabeth A. Lopez | DA-0752-13-0494-I-1 |
| Gayle A. Griffin | DA-0752-13-0496-I-1 |
| Howard J. Pearlman | DA-0752-13-0491-I-1 |
| Irene P. Moore | DA-0752-13-0482-I-1 |
| Ivania Cabrera | DA-0752-13-0499-I-1 |
| Janet L. Cook | DA-0752-13-0514-I-1 |
| JoAnna DeLaCerda | DA-0752-13-0510-I-1 |
| Juanita Daily | DA-0752-13-0513-I-1 |
| Judith S. Gonzalez | DA-0752-13-0495-I-1 |
| Kenton W. Murray | DA-0752-13-0485-I-1 |
| Lisa E. Bergthold | DA-0752-13-0515-I-1 |
| Maria L. Murillo | DA-0752-13-0498-I-1 |
| Mei V. Waugh | DA-0752-13-0508-I-1 |
| Melvin D. Tealer | DA-0752-13-0507-I-1 |
| Patrick J. Gallaty | DA-0752-13-0486-I-1 |
| Ramona Wright | DA-0752-13-0503-I-1 |
| Rebecca D. Gerstenlauer | DA-0752-13-0538-I-1 |

| | |
|---|---|
| Rebecca Y. Bird | DA-0752-13-0483-I-1 |
| Robin D. Green | DA-0752-13-0500-I-1 |
| Rosemary Stone | DA-0752-13-0653-I-1 |
| Tonia R. Gilmore | DA-0752-13-0488-I-1 |
| Tracy L. Bauers | DA-0752-13-0502-I-1 |

APPENDIX B

IRS Aguilar Consolidation

**DA-0752-13-4550-I-1**

| | |
|---|---|
| Charmayne E. Sanford | DA-0752-13-0534-I-1 |
| Duane W. Schwettman | DA-0752-13-0535-I-1 |
| Gloria E. Aguilar | DA-0752-13-0536-I-1 |
| Nora T. Perez | DA-0752-13-0531-I-1 |
| Rebecca Mendoza | DA-0752-13-0532-I-1 |
| Scott A. Flatness | DA-0752-13-0530-I-1 |

APPENDIX C
IRS Bodden Consolidation

**DA-0752-13-4551-I-1**


| | |
|---|---|
| Claudia R. Bodden | DA-0752-13-0577-I-1 |
| Diane S. Karstetter | DA-0752-13-0583-I-1 |
| Doris L. Wilson | DA-0752-13-0581-I-1 |
| Marla J. Dunmire | DA-0752-13-0578-I-1 |
| Philip T. Reese | DA-0752-13-0549-I-1 |
| Phyllis L. Johnson | DA-0752-13-0558-I-1 |
| Rachel Ybarra | DA-0752-13-0554-I-1 |
| Robin C. Del'Homme | DA-0752-13-0579-I-1 |
| Rodney J. Bohls | DA-0752-13-0580-I-1 |
| S. M. Mastenbrook | DA-0752-13-0552-I-1 |
| Sara A. Esquinca | DA-0752-13-0574-I-1 |
| Sarah L. Daniels | DA-0752-13-0582-I-1 |

APPENDIX D

IRS Fleetwood Consolidation

**DA-0752-13-4552-I-1**

| | |
|---|---|
| Amanda M. Hauboldt | DA-0752-13-0570-I-1 |
| Brenda Ramirez | DA-0752-13-0548-I-1 |
| Bridgette L. Payne | DA-0752-13-0546-I-1 |
| Danielle F. Fleetwood | DA-0752-13-0571-I-1 |
| Dennis Sims | DA-0752-13-0572-I-1 |
| Janine Y. Velvin | DA-0752-13-0569-I-1 |
| Julian G. Riano | DA-0752-13-0567-I-1 |
| Leslie A. Guna | DA-0752-13-0568-I-1 |
| Rosa G. Paredes | DA-0752-13-0547-I-1 |
| Sandra Martin | DA-0752-13-0566-I-1 |
| Shermanie M. White | DA-0752-13-0573-I-1 |