# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

IN RE INTERNAL REVENUE
    SERVICE, SOUTHEAST REGION,
          Appellant,

v.

DEPARTMENT OF THE TREASURY,
          Agency.

DOCKET NUMBER
AT-0752-14-0040-I-1

DATE: September 15, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Anna Gnadt, Esquire, and Brandon Baseman, Esquire, Washington, D.C.,
    for the appellants.

Debra Chandler, Terry Scott, and Lapina Dixon, Atlanta, Georgia, for
    the appellants.

Jessica B. Rice, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellants have filed petitions for review of the initial decision sustaining their 3-day furloughs. Generally, we grant petitions such as these only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioners have not established any basis under section 1201.115 for granting their petitions for review. Therefore, we DENY the petitions for review. The initial decision, as supplemented by this Order, constitutes the Board's final decision in this matter.[2]

## BACKGROUND

¶2 The agency issued the appellants notice that it was proposing to furlough them for 7 days following the President's March 1, 2013 sequester order. Initial Appeal File (IAF), Tab 4 at 31-33.[3] The agency subsequently issued decision letters effecting the furlough action for 5 days and explained that, if the 2 remaining furlough days were needed, they would be scheduled at a later point in time. *Id*. at 15-19. Thereafter, the agency reduced the appellants' furloughs to 3 days. Consolidated Appeal File (CAF), Tab 26, Initial Decision (ID) at 1 n.1, 3.

---

[2] The appellants to whom this Final Order applies are listed on the attached Appendix A.

[3] In processing the consolidated appeal, the administrative judge cited to the appeal file in the above-captioned case as the lead or consolidated appeal file (CAF) and cited to the appeal file in *Chandler v. Department of the Treasury*, MSPB Docket No. AT-0752-13-0583-I-1, as the "IAF" insofar as it contained information common to each appellant which was not included in the consolidated appeal file. For the purposes of consistency, we will follow the same convention.

¶3    The appellants filed timely appeals of the agency's furlough action, and, during discovery, the administrative judge granted appellant Chandler's motion to certify for interlocutory appeal several issues concerning the scope of permissible discovery in a furlough appeal.  IAF, Tab 19.  The Board subsequently issued a decision establishing certain parameters for discovery in a furlough appeal and returned the appeal to the administrative judge for further proceedings.  *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶¶ 10-36 (2013).

¶4    After the Board issued its decision in *Chandler*, the assigned administrative judge issued a furlough procedures order consolidating 26 individually-filed initial appeals pursuant to 5 C.F.R. § 1201.36(a)(2).  CAF, Tab 1.  The administrative judge explained that the 26 appeals were filed by agency employees who are members of the National Treasury Employees Union (NTEU) bargaining unit and were similarly affected by the agency's furlough action.  *Id.*

¶5    In the proceedings below, the appellants were divided into three separate groups:  21 were represented collectively by three union representatives; three were represented by NTEU counsel; and two represented themselves individually, although neither participated in the proceedings before the administrative judge.

¶6    The administrative judge, in the furlough procedures order, also provided the appellants with an additional opportunity to raise affirmative defenses.  CAF, Tab 1.  In response, the appellants asserted that the agency violated their rights to due process, committed harmful error, and conducted the furlough not in accordance with law, under 5 U.S.C. § 7701(c)(2)(C), because the agency committed an unfair labor practice (ULP) by implementing the furlough prior to completing impact and implementation bargaining with the NTEU.  CAF, Tab 3 at 7-9.

¶7    The administrative judge held a prehearing conference with the parties in which she outlined the burdens of proof in a furlough appeal, including the appellants' burdens to establish each of their affirmative defenses.  CAF, Tab 18.  In her prehearing order, the administrative judge identified four separate alleged

due process violations and one claim of harmful error to be addressed during the hearing. *Id*. Citing the Board's decision in *Chandler*, however, the administrative judge disallowed the appellants' proposed affirmative defense that the furlough was not taken in accordance with law under section 7701(c)(2)(C) based on an alleged ULP. *Id*. Specifically, the administrative judge found that the Board had previously denied appellant Chandler's discovery request for information "relat[ing] to the agency's decision to proceed with the furlough while in the midst of bargaining with" the NTEU because such information was not relevant to whether the furlough promoted the efficiency of the service and because any "remedy for a violation of the appellant's collective bargaining rights rests with the negotiated grievance procedure or the Federal Labor Relations Authority [FLRA]." *Chandler*, 120 M.S.P.R. 163, ¶¶ 17-18 (footnote omitted); CAF, Tab 18. Relying on this reasoning, the administrative judge declined to consider the appellants' affirmative defense that the furlough was not in accordance with law based upon the alleged commission of a ULP. CAF, Tab 18.

¶8 The administrative judge held a 2-day hearing and issued an initial decision sustaining the furlough action. ID at 5-11. In her initial decision, the administrative judge found that the agency proved that the furlough was a reasonable management solution to the financial impacts of the sequester and that the agency implemented the furlough in a fair and even manner. *Id*. The administrative judge also denied all of the appellants' asserted harmful error and due process affirmative defenses. ID at 11-18.

¶9 The appellants have filed a petition for review[4] focused solely on the administrative judge's decision to exclude their not-in-accordance-with-law

---

[4] The first two groups of appellants, consisting of a total of 24 individuals, have filed separate petitions for review. *See* Petition for Review (PFR) File, Tabs 1-2. The petitions for review, however, are virtually identical and raise the same arguments on review. For purposes of clarity, we will refer to the filing found at Tab 1 of the petition for review file as the appellants' petition for review (in the singular). The appellants have similarly filed separate, but identical, reply briefs in response to the agency's

affirmative defense from the hearing. Petition for Review (PFR) File, Tab 1 at 8-19. The agency has filed a response in opposition arguing that the Board previously ruled that the substance of the appellants' not-in-accordance-with-law affirmative defense is not before the Board in this appeal and that the administrative judge therefore correctly precluded the appellants from raising this affirmative defense prior to the hearing. PFR File, Tab 6 at 8-16. The appellants have filed a reply in further support of their argument that the administrative judge improperly precluded them from litigating their affirmative defense under section 7701(c)(2)(C). PFR File, Tab 7.

## ANALYSIS

<u>The appellants have not challenged the administrative judge's findings that the furlough action was imposed in a fair and even manner and that the appellants failed to establish their due process and harmful error affirmative defenses.</u>

¶10      On review, the appellants have not challenged the administrative judge's findings that the agency imposed its furlough action in a fair and even manner or that they failed to establish their affirmative defenses of due process violations and harmful error. PFR File, Tab 1. We have reviewed the administrative judge's well-reasoned initial decision and find no reason to disturb these findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

---

opposition. PFR File, Tabs 7-8. We will refer to the filing found at Tab 7 of the petition for review file as the appellants' reply. The two pro se appellants have not filed petitions for review. Thus, the initial decision is the Board's final decision as to those appellants. *See* 5 C.F.R. § 1201.113; MSPB Docket Nos. AT-0752-13-0682-I-1, AT-0752-13-0683-I-1.

<u>The Board's decision in *Chandler* does not preclude the appellants from raising an affirmative defense under section 7701(c)(2)(C).</u>

¶11  Based upon the nature of the arguments on review, we begin with a review of the Board's decision in *Chandler*. In *Chandler*, the Board was presented with a series of discovery rulings concerning the scope of discoverable information in a furlough appeal. *See* 120 M.S.P.R. 163, ¶¶ 2-3, 12-36 (defining the issues presented for interlocutory review). Among the information sought by appellant Chandler was information related to the agency's decision to proceed with implementing the furlough prior to completing negotiations with the NTEU. *Id*., ¶ 17. The administrative judge denied appellant Chandler's discovery request on the basis that the agency's negotiations with the NTEU were not relevant to the pending issues before the Board, i.e., whether the agency's furlough action promoted the efficiency of the service. *Id*., ¶¶ 17-18. On interlocutory review, the Board sustained this discovery ruling and agreed with the administrative judge that information concerning why the agency took the furlough action prior to completing impact and implementation bargaining with the NTEU did not address whether the furlough promoted the efficiency of the service. *Id*. In a footnote, the Board also found that appellant Chandler's discovery request was not reasonably calculated to lead to the discovery of admissible evidence concerning retaliation for union activity under 5 U.S.C. § 2302(b)(9) because the appellant was not personally involved in the impact and implementation bargaining at issue. *See id.*, ¶ 18 n.5.

¶12  The Board's interlocutory rulings in *Chandler*, however, only concerned the propriety of the appellant's discovery requests, which focused on whether the furlough promoted the efficiency of the service. *Id*., ¶¶ 2-3, 17-18; *see also* IAF, Tab 13 at 1. At the time appellant Chandler propounded her discovery requests, moreover, the appellants had not yet raised the issue of whether the agency's furlough action was not taken in accordance with law; the record reflects that the appellants did not raise this affirmative defense until *after* the Board issued its

decision in *Chandler*. *See* CAF, Tabs 3-4. Thus, at the time of the Board's decision in *Chandler*, the Board had no occasion to consider whether appellant Chandler's discovery request seeking information about the implementation of the furlough prior to the completion of bargaining with the NTEU could have led to the discovery of admissible evidence concerning a not-in-accordance-with-law affirmative defense.

¶13    Because the Board's decision in *Chandler* only addressed the scope of discovery in a furlough appeal focused on whether the agency's action promoted the efficiency of the service, we find that *Chandler* does not preclude the appellants from presenting their not-in-accordance-with-law affirmative defense under section 7701(c)(2)(C).

The appellants' not-in-accordance-with-law affirmative defense fails based on the undisputed material facts.

¶14    On review, the appellants argue that the administrative judge erred in excluding witness testimony and documentary evidence concerning their not-in-accordance-with-law defense and that she overlooked Board precedent finding that an allegation of a ULP can serve as a valid affirmative defense in a chapter 75 appeal. PFR File, Tab 1 at 9-11. In further support of their claim, the appellants have submitted, for the first time on review, an arbitration award finding that the agency committed a ULP when it implemented the furlough actions prior to completing negotiations with the NTEU.[5]  *Id*. at 21-48. They assert that the Board should defer to the arbitrator's findings and, based upon the arbitration award, should find that they proved their not-in-accordance-with-law affirmative defense. *Id*. at 16-18. As discussed below, we are able to decide this matter without remand because the record on this dispositive issue has been fully

---

[5] Because the arbitrator's decision was issued after the record closed below, and because we find it is material to the issues presented on review, we will consider the appellants' submission of this new evidence on review. *See* 5 C.F.R. § 1201.115(d); PFR File, Tab 1 at 17, 21-48.

developed, and the appellants' affirmative defense fails based on the undisputed material facts.

¶15    Pursuant to 5 U.S.C. § 7701(c), an "agency's decision may not be sustained . . . if the employee or applicant for employment (A) shows harmful error in the application of the agency's procedures in arriving at such decision; . . . or (C) shows that the decision was not in accordance with law." 5 U.S.C. § 7701(c)(2)(A), (C).  The Board has recognized that these two defenses, although similar, address separate species of agency error.  *See Doe v. Department of Justice*, 121 M.S.P.R. 596, ¶ 12 (2014).   The harmful error provision of section 7701(c)(2) is applicable to all procedural errors, while the not-in-accordance-with-law provision is applicable to other unlawful actions. *See id*.

¶16    To succeed on a not-in-accordance-with-law affirmative defense, an appellant must establish that there is no legal authority for the action.  *See Hamilton v. U.S. Postal Service*, 58 M.S.P.R. 486, 488-89 (1993).  That is, the Board must determine whether the decision itself, in its entirety, was not in accordance with law.  *See Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 683 (1991) (citing *Handy v. U.S. Postal Service*, 754 F.2d 335, 337-38 (Fed. Cir. 1985)).  Applying this standard, the Board has overturned an agency action as not in accordance with law where, for example, the individual who imposed the challenged adverse action had retired when the decision letter was signed and thus had no legal authority to take the challenged action.  *See Hamilton*, 58 M.S.P.R. at 488-89.

¶17    Here, there is no dispute that the agency and the NTEU entered into impact and implementation bargaining concerning the manner in which the furlough action would be scheduled and that the agency effected the furlough prior to completing its bargaining with the NTEU.  *See* PFR File, Tab 1 at 22.  The only issue presented in the appellants' ULP charge, however, was the *scheduling* of the furlough days, not whether the agency had the legal authority to take the furlough

action. *See id*. at 36. Thus, although the arbitrator determined that the agency committed a ULP by effecting the furlough prior to completing its bargaining with the NTEU, this does not establish that the agency lacked the legal authority to furlough the appellants.[6] Indeed, the Board has held that the scheduling of an agency's furlough action is not a matter within the Board's jurisdiction under chapter 75, *Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 13 (2015), and that the implementation of a furlough is generally left to the agency's discretion, *see Lopez v. Department of the Navy*, 121 M.S.P.R. 647, ¶¶ 16-17, 19 (2014); *Chandler*, 120 M.S.P.R. 163, ¶ 9.

¶18      The appellants also assert that the administrative judge erred by not allowing discovery and an evidentiary hearing on this affirmative defense. The Board has held that to obtain reversal of an initial decision on the ground that the administrative judge abused her discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed. *Sanders v. Social Security Administration,* 114 M.S.P.R. 487, ¶ 10 (2010); *Jezouit v. Office of Personnel Management,* 97 M.S.P.R. 48, ¶ 12 (2004), *aff'd*, 121 F. App'x 865 (Fed. Cir. 2005). The appellants have failed to do so here.

¶19      We therefore find, based on the undisputed facts, that the appellants failed to establish their affirmative defense under 5 U.S.C. § 7701(c)(2)(C) that the

---

[6] The appellants argued on review that they were precluded from pursuing a separate ULP charge with the FLRA based upon their filing of their Board appeals challenging the agency's furlough action under chapter 75. PFR File, Tab 1 at 12. We have no occasion to consider whether the FLRA has jurisdiction over an appeal of the arbitrator's award, and we rely on the arbitrator's award only insofar as it bears on the appellants' not-in-accordance-with-law affirmative defense under section 7701(c)(2)(C). *See Polk v. Internal Revenue Service*, 11 M.S.P.R. 482, 483-84 (1982).

agency lacked the legal authority to take the furlough action based on their ULP charge contesting the scheduling of the furlough action.[7]

## NOTICE TO THE APPELLANTS REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

> United States Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[7] Although not specifically argued by the appellants, we also have considered whether the agency's alleged commission of a ULP constitutes harmful error under section 7701(c)(2)(A). Reversal of an agency's action is required under this provision when an appellant establishes that the agency committed a procedural error that likely had a harmful effect on the outcome of the case before the agency. *Goeke v. Department of Justice*, 122 M.S.P.R. 69, ¶ 7 (2015). We find that the appellants could not establish that the alleged ULP caused the agency to reach a different conclusion in deciding to impose the furlough because the ULP charge only concerned the scheduling of the furlough action, and it did not otherwise address the agency's legal justification for taking the furlough. *See* PFR File, Tab 1 at 44-48 ("[T]he parties' bargaining focused on the selection of days on which bargaining unit employees would be furloughed, without any dispute over the Agency's general right to meet its sequester-related budget reductions through the imposition of furloughs . . . ."). The appellants, therefore, could not prove that the furlough should be reversed for harmful error.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:            _____
                                             William D. Spencer
                                             Clerk of the Board

Washington, D.C.

APPENDIX A

In Re Internal Revenue Service, Southeast Region
AT-0752-14-0040-I-1

| | |
|---|---|
| Angela Jackson | AT-0752-13-0663-I-1 |
| April Autry | AT-0752-13-0678-I-1 |
| Arieane H. Barrs | AT-0752-13-0594-I-1 |
| Barbara A. Harris | AT-0752-13-0667-I-1 |
| Barbara Shuler Paschal | AT-0752-13-0596-I-1 |
| Carmen Stewart | AT-0752-13-0595-I-1 |
| Debra J. Chandler | AT-0752-13-0583-I-1 |
| Dominique Bradley | AT-0752-13-0643-I-1 |
| Faye Dawkins | AT-0752-13-0684-I-1 |
| Fondrae Townsend | AT-0752-13-0668-I-1 |
| George Mabry | AT-0752-13-0585-I-1 |
| Gladys W. Jules | AT-0752-13-0670-I-1 |
| Gloria R. Williams | AT-0752-13-0669-I-1 |
| Gloria Yvonne Turner | AT-0752-13-0671-I-1 |
| Harriett Christine Scott | AT-0752-13-0664-I-1 |
| James A. St. Julien | AT-0752-13-0602-I-1 |
| James John Kelly | AT-0752-13-0665-I-1 |
| La-Tarvia R. Hilbert | AT-0752-13-0600-I-1 |
| Lapina J. Dixon | AT-0752-13-0605-I-1 |
| Shelley Whitaker | AT-0752-13-0666-I-1 |
| Terry Scott | AT-0752-13-0642-I-1 |
| Tunisia Phifer | AT-0752-13-0620-I-1 |
| Valda Poole | AT-0752-13-0603-I-1 |
| Xaveria Turner | AT-0752-13-0672-I-1 |