## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARK R. CARTER,
      Appellant,

    v.

DEPARTMENT OF COMMERCE,
      Agency.

DOCKET NUMBER
CH-0432-16-0400-I-1

DATE: April 17, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Mark R. Carter, Detroit, Michigan, pro se.

Chieko Clarke, Esquire, and Josh Hildreth, Esquire, Alexandria, Virginia,
    for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal based on unacceptable performance under 5 U.S.C. chapter 43 and found that he did not prove his affirmative defenses. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant filed an appeal challenging his removal from Federal service for unacceptable performance pursuant to chapter 43.  Initial Appeal File (IAF), Tab 1.  After a hearing, the administrative judge found that the agency proved the unacceptable performance charge by substantial evidence.  IAF, Tab 88, Initial Decision (ID) at 2-18.  The administrative judge also found that the appellant did not prove his affirmative defenses of harmful procedural error, race and disability discrimination, and violation of the merit system principles found at 5 U.S.C. § 2301(b).  ID at 18-43.  Accordingly, the administrative judge affirmed the removal.  ID at 2, 44.

¶3    The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply.  Petition for Review (PFR) File, Tabs 7, 9-10.  The appellant argues the following on review:  (1) his production critical element is invalid because it was measured by his supervisor's subjective assessment of his work product; (2) his supervisor subjected his work to "heightened scrutiny"; (3) the agency committed harmful error; (4) the agency's removal decision is not in accordance with law; (5) he is entitled to the *Bruner* presumption, *see Bruner v. Office of Personnel Management*, 996 F.2d 290 (Fed. Cir. 1993); and (6) the administrative judge abused her discretion by denying his motion for sanctions and granting the agency's motion to compel discovery.  PFR File, Tab 7.  Although we find the appellant's arguments do not warrant disturbing the initial decision, we must nonetheless remand this appeal for further adjudication in light of the recent decision by the U.S. Court of Appeals for the Federal Circuit in *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355, 1360-61 (Fed. Cir. 2021), issued after the initial decision in this matter.

¶4    We first address the appellant's assertion that his production critical element is invalid under 5 U.S.C. § 4302(c)(1)[2] because it was measured by his supervisor's subjective assessment of his work product.  PFR File, Tab 7 at 18, 24-29, Tab 10 at 7-8.  We agree with the administrative judge that the appellant's production element is valid because he encumbered a technical position—Patent Examiner—that allowed for and required some subjective discretion by his supervisor when determining his work quality.  ID at 9-10; *see Greer v. Department of the Army*, 79 M.S.P.R. 477, 483-84 (1998).

¶5    Next, the appellant asserts that his supervisor applied GS-12 to GS-15 level performance standards to his GS-11 position and subjected his work to "heightened scrutiny."  PFR File, Tab 7 at 24-26, 29-30.  However, the agency expressly reduced the baseline GS-12 Patent Examiner performance expectations by 10% because the appellant encumbered a GS-11 position.  IAF, Tab 9 at 43, Tab 11 at 9; HT 12:19-13:14.  Similarly, the record evidence shows that the agency neither changed nor otherwise increased the appellant's performance standards during or after his performance improvement plan (PIP), nor did his supervisor subject his work to "heightened scrutiny."  ID at 14.

¶6    The appellant continues to assert on review, as he did before the administrative judge, that the agency committed the following harmful errors: (1) removing him more than 30 days after the expiration of the notice period required by 5 U.S.C. § 4303(b)(1)(A), which he argues constitutes an unacceptable-performance removal statute of limitations pursuant to 5 U.S.C. § 4303(c)(1); (2) failing to extend his oral and written response time by 60-90 days and failing to tape record his December 11, 2015 oral reply in violation of the collective bargaining agreement; and (3) failing to consider his

---

[2] Until recently, this provision was codified at 5 U.S.C. § 4302(b)(1).  *See* National Defense Authorization Act for Fiscal Year 2018, Pub. L. No. 115-91, § 1097(d)(1), 131 Stat. 1283, 1619 (2017).

medical condition prior to his removal.[3]  PFR File, Tab 7 at 20-24, 30-37, Tab 10 at 8-9; IAF, Tab 55, Tab 70 at 2.  We agree with the administrative judge, for the reasons stated in the initial decision, that the appellant failed to prove harmful error, i.e., that any agency error was likely to have caused it to reach a conclusion different from the one it would have reached in the absence or cure of the error.  ID at 18-27; *see LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 14 (2016); 5 C.F.R. § 1201.4(r).

¶7        Along the same lines, the appellant contends that the agency lacked the legal authority to remove him beyond the 30-day period in 5 U.S.C. § 4303(c)(1) and thus his removal was not in accordance with law.  PFR File, Tab 7 at 20-21; *see* 5 U.S.C. § 7701(c)(2)(C).  Even assuming that the appellant timely raised this affirmative defense before the administrative judge, we find no basis to disturb the initial decision.  The "not in accordance with law" defense is directed at the decision itself, i.e., was the decision in its entirety in accordance with law?  *See Handy v. U.S. Postal Service*, 754 F.2d 335, 337-38 (Fed. Cir. 1985); *see also Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 683-84 (1991) (confirming that an appealable action will only be reversed as not in accordance with law if there is no legal authority for the agency's action).  Despite the appellant's contrary assertions, the agency could lawfully remove him based on his unacceptable performance.  5 U.S.C. § 4303(a); 5 C.F.R. §§ 432.102(a), 432.105.  As discussed, the agency's failure to abide by the 30-day period in 5 U.S.C. § 4303(c)(1) was not a harmful error.  *See supra* ¶ 6; ID at 18-20; *see*

---

[3] The deciding official was required to consider the appellant's medical condition once he raised it in his written and oral responses to the proposed removal.  *See* 5 C.F.R. § 432.105(a)(4)(iv); IAF, Tab 4 at 49-50, Tab 15 at 31-32.  The deciding official testified that he considered every issue that the appellant raised in his oral response, including his medical condition, prior to removing him for unacceptable performance.  HT 71:25-72:23 (testimony of the deciding official).  Aside from his bare assertion to the contrary, there is no record evidence to suggest that the deciding official failed to consider the appellant's medical condition.

*also Salter v. Department of the Treasury*, 92 M.S.P.R. 355, ¶¶ 6-8 (2002) (noting that 5 U.S.C. § 4303(c)(1) is a procedural right that is subject to harmful error analysis).

¶8        Further, the appellant misinterprets 5 U.S.C. § 4303 and the Board's case law to the extent he asserts that the agency was required to effect his removal within 1 year of the commencement of the PIP.  PFR File, Tab 7 at 23-24.  This argument was considered and rejected by the Board in *White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶¶ 6-7 (2013).  In *White*, the appellant argued that the agency's demotion action was improper because the April 2012 proposal notice was not issued until more than a year after the commencement of the PIP in February 2011.  *Id.*, ¶ 7.  The Board considered whether the agency had complied with the following regulatory provisions:  (1) once an employee has been afforded a reasonable opportunity to improve, an agency may propose a reduction in grade or removal action if the employee's performance "during or following" the PIP is unacceptable in one or more of the critical elements involved in the PIP; (2) if an employee who has been placed on a PIP performs acceptably for 1 year (starting with the commencement of the PIP), he is entitled to a new PIP if his performance again becomes unacceptable; and (3) a proposed reduction in grade or removal may be based on instances of unacceptable performance that occur within a 1-year period ending on the date of notice of proposed action.  *Id.*, ¶ 6 (citing 5 C.F.R. § 432.105(a)(1)-(3)).  We find that the agency has complied with these provisions.  The appellant's performance became unacceptable immediately following the PIP in the production critical element, which was the subject of the PIP.  IAF, Tab 4 at 91-94.  The notice of proposed removal was issued on November 5, 2015, and the agency properly relied on instances of unacceptable performance occurring between March 8 and May 30, 2015, which is within 1 year of the notice of proposed removal.  *Id*.  Accordingly, the appellant has not shown that the removal decision is not in accordance with law.

¶9 Next, the appellant alleges that he was entitled to the *Bruner* presumption. PFR File, Tab 7 at 34-36; *see Bruner*, 996 F.2d at 294. The administrative judge did not discuss the *Bruner* presumption in the initial decision. *Bruner* holds that an employee's removal for physical inability to perform the essential functions of his position constitutes prima facie evidence that he is entitled to disability retirement, after which the burden shifts to the Office of Personnel Management to produce evidence sufficient to find that the applicant is not entitled to disability retirement benefits. *Bruner*, 996 F.2d at 294. *Bruner* does not apply to this appeal because the appellant was removed for unacceptable performance, not physical inability to perform the essential functions of his position. ID at 4.

¶10 The appellant further contends that the administrative judge abused her discretion by (1) denying his sanctions motion based on the agency's initial failure to include his full written response to the proposed removal in the agency file, and (2) granting the agency's motion to compel over the appellant's objection that the discovery requests were improperly served by email. PFR File, Tab 7 at 19-20, 37-40; IAF, Tabs 42-43. We find no basis to conclude that the administrative judge abused her discretion. Although the appellant disagrees with the administrative judge's decision to deny his sanctions motion, he has provided no legitimate argument that she abused her discretion, especially considering that the agency corrected its inconsequential error within a few days. *See Pecard v. Department of Agriculture*, 115 M.S.P.R. 31, ¶ 15 (2010); IAF, Tab 4 at 53-88, Tab 15. Similarly, although the appellant argues that 5 C.F.R. § 1201.73(a) prohibits agencies from serving discovery requests via email, and analogizes to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, we agree with the administrative judge that the Board is not bound by the Federal Rules of Civil Procedure and looks to them solely for general guidance. IAF, Tab 43; *see Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 10 (2010), *aff'd*, 635 F.3d 526 (Fed. Cir. 2011); 5 C.F.R. § 1201.72(a). We find that the administrative judge was not bound to follow Rule 5(b)(2)(E) here and she did not abuse her

discretion by requiring the appellant to respond to the agency's discovery requests. *See Key v. General Services Administration*, 60 M.S.P.R. 66, 68 (1993) (stating that an administrative judge has broad discretion in ruling on discovery matters).

¶11    In his petition for review, the appellant does not challenge the administrative judge's finding that he failed to prove his race discrimination defense. PFR File, Tab 7, Tab 10 at 9. In analyzing the appellant's race discrimination claim, the administrative judge identified the legal standard set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), she discussed the various methods of direct and circumstantial evidence, and she concluded that the appellant did not prove that his race was a motivating factor in the removal decision. ID at 27-34. The Board has since overruled *Savage* to the extent it held that the *McDonnell Douglas* framework is not applicable to Board proceedings. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 25 (citing *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802-04 (1973)). Nonetheless, the outcome of this appeal under *Pridgen* would be the same as that arrived at by the administrative judge. Notably, under *Pridgen*, to obtain any relief, the appellant must still show, at a minimum, that the prohibited consideration of race was a motivating factor in the agency's decision to remove him, *Pridgen*, 2022 MSPB 31, ¶¶ 20-22, and we agree with the administrative judge that the appellant failed to make this showing. ID at 27-34. Because the appellant failed to prove that race was a motivating factor, he necessarily failed to prove it was a "but-for" cause of his removal. *See Pridgen*, 2022 MSPB 31, ¶ 22.

¶12    The appellant also does not challenge the administrative judge's finding that he failed to prove his disability discrimination defense, including his

disparate treatment and failure to accommodate claims.[4]  PFR File, Tab 7, Tab 10 at 9.   Nevertheless, we clarify the administrative judge's analysis of the appellant's disparate treatment claim.  The appellant alleged discrimination based on postherpetic neuralgia, i.e., post-shingles nerve pain, which began in mid-May 2015, before the May 30, 2015 completion of the first post-PIP maintenance period.  IAF, Tab 55 at 33-35, Tab 70 at 7; HT 241:14-24 (testimony of the appellant).  Assuming without deciding that the appellant's postherpetic neuralgia constitutes a disability as defined by 42 U.S.C. § 12102, he has not provided any evidence to show that his disability was a motivating factor in the agency's decision to remove him for unacceptable performance.  *E.g.*, IAF, Tab 15 at 31-32, Tab 55, Tab 80; HT 71:25-72:20, 84:5-11 (testimony of the appellant); *see Pridgen*, 2022 MSPB 31, ¶¶ 40-42 (explaining that, when disability discrimination is a motivating factor, injunctive or other forward-looking relief is available and, to obtain full relief, an appellant must show that disability discrimination is a but-for cause of the personnel action).  Aside from timing, there is no evidence to suggest that the deciding official considered the appellant's disability, rather than his unacceptable performance, as a factor when deciding to remove him.  Because the appellant failed to prove his disability was a motivating factor, he necessarily failed to prove that it was a "but-for" cause of his removal.  *See Pridgen*, 2022 MSPB 31, ¶ 42.  Accordingly, we affirm the administrative judge's finding that the appellant failed to prove his disparate treatment disability discrimination defense.  ID at 37-42.

¶13      Notwithstanding, we must remand this appeal in light of recent case law to make findings as to the appellant's performance prior to the implementation of the PIP.  When the initial decision was issued, the Board's case law stated that, in

---

[4] As a Federal employee, the appellant's claim of disability discrimination arises under the Rehabilitation Act of 1973, which incorporates the standards under the Americans with Disabilities Act, as amended.  *See Pridgen*, 2022 MSPB 31, ¶ 35.

an appeal of a performance-based removal under chapter 43, the agency was required to prove the following by substantial evidence:  (1) OPM approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of his position; (3) his performance standards were valid under 5 U.S.C. § 4302(c)(1); (4) the agency warned him of the inadequacies of his performance during the appraisal period and gave him an adequate opportunity to demonstrate acceptable performance; and (5) after an adequate improvement period, his performance remained unacceptable in at least one critical element.  *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 13.  The administrative judge analyzed each of these elements in turn and found that the agency met its burden by substantial evidence.  ID at 5-18.  We agree with those findings.  However, while this case was pending on review, the Federal Circuit recognized for the first time that an agency must prove an additional element to support an adverse action under chapter 43.  *Santos*, 990 F.3d at 1360-61.  Specifically, the agency "must justify institution of a PIP" by proving the employee's performance was unacceptable before the PIP.  *Id.*; *Lee*, 2022 MSPB 11, ¶ 14.  The holding applies to all pending cases, regardless of when the events took place.  *Lee*, 2022 MSPB 11, ¶ 16.

¶14      Although the record contains some evidence as to the appellant's pre-PIP performance, the parties were not on notice as to this element and, accordingly, we must remand the appeal to give the parties the opportunity to present additional evidence as to whether the appellant's performance was unacceptable in one or more critical elements prior to the issuance of the PIP.  *Id.*, ¶¶ 15-17.  On remand, the administrative judge shall accept argument and evidence on this issue, and shall hold a supplemental hearing, if appropriate.  The administrative judge shall then issue a new decision consistent with *Santos.*  *See id.*  If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate the prior findings on the other elements of

the agency's case and the appellant's affirmative defenses in the remand initial decision. *See id.* However, regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the administrative judge's analysis of the appellant's affirmative defenses, the administrative judge should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

¶15      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                                    /s/ for
                                                 Jennifer Everling
                                                 Acting Clerk of the Board

Washington, D.C.